```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| JUAN IRIZARRY-VAZQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>HOGAR LA MISERICORDIA, ET AL.,<br><br>    Defendants. | Civil No. 13-1388 (PG) |

### OPINION AND ORDER

The plaintiff, Juán Irizarry-Vázquez, claims that the Municipality of Adjuntas is liable for the elder abuse suffered by his now deceased father. Because Irizarry-Vazquez has not pled sufficient facts to raise a plausible inference of liability, we grant the Municipality's motion to dismiss under Civil Rule 12(b)(6).

### I.
### Background

Irizarry-Vázquez's father, Tomás Rivera-Romero, was a resident of Hogar La Misericordia, an elderly-care facility located in Adjuntas, Puerto Rico. Irizarry-Vázquez maintains that, while a resident of Hogar La Misericordia, his father suffered neglect and abuse that resulted in his hospitalization and, ultimately, his death in May of 2012. On May 16, 2013, Irizarry-Vázquez filed this suit against Hogar La Misericordia, the Municipality of Adjuntas and several unnamed parties. (Docket No. 1.) The Municipality of Adjuntas moved to dismiss. (Docket No. 14.) We grant the motion.

## II.
## Legal Standard

A plaintiff's complaint will survive a motion to dismiss if it alleges sufficient facts to establish a plausible claim for relief. See Fed.R.Civ.P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff. Marrero-Rodriguez v. Municipality of San Juan, 677 F.3d 497, 500 (1st Cir. 2012) (citation omitted).

## III.
## Discussion

The Municipality of Adjuntas argues that Irizarry-Vazquez's complaint fails to fully comply with Civil Rule 8(a)(2) and therefore warrants dismissal of any claims against them. (Docket No. 16 at 6.) We agree that all claims against the Municipality fail.

A plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss with conclusory allegations that *some* defendant violated the law. Instead, the sufficiency of a complaint requires the plaintiff to plead enough "factual matter" to raise a "plausible" inference of wrongdoing. Iqbal, 556 U.S. at 678. In other words, a complaint must at least contain minimal facts indicating "who did what to whom, when, where…". Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

Here, Irizarry-Vazquez asserts that the Municipality is the owner "and/or administrator" of Hogar La Misericordia. (Docket No. 1 at 2.) But on the very same page of his complaint Irizarry-Vazquez notes that

Hogar La Misericordia is a "private entity" providing elderly-care services. (Id.) Irizarry-Vazquez can lay claim to at least a partial truth: Hogar La Misericordia is a private entity, incorporated by the Commonwealth of Puerto Rico to provide elderly-care services. (Docket No. 14-2.) However, the Municipality of Adjuntas neither owns nor operates Hogar La Misericordia. (Docket No. 17.) Because Irizarry-Vazquez has offered no factual matter linking the Municipality of Adjuntas to his tort claims, his claims against the Municipality fail.

## IV.
## Conclusion

For the foregoing reasons, co-defendant Municipality of Adjuntas' motion to dismiss, (Docket No. 14), is **GRANTED**. The plaintiff's federal law claims against the Municipality of Adjuntas are **DISMISSED WITH PREJUDICE**.

**IT SO ORDERED.**

**In San Juan, Puerto Rico, August 15, 2014.**

                                          **S/ JUAN M. PÉREZ-GIMÉNEZ**
                                          **JUAN M. PÉREZ-GIMÉNEZ**
                                          **UNITED STATES DISTRICT JUDGE**